UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


RTR TECHNOLOGIES, INC.,          )
ROSALIE BERGER, AND CRAIG        )
BERGER,                          )
          Plaintiffs             )
                                 )
               v.                )   C.A. No. 09-cv-30189-MAP
                                 )
CARLTON HELMING and HELMING      )
& CO., P.C.,                     )
          Defendants             )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR BILL OF COSTS
AND FOR ATTORNEY'S FEES
(Dkt. Nos. 45 & 46)

February 22, 2012

PONSOR, U.S.D.J.

    Plaintiffs, a Sub-chapter S corporation and its

principals, sued Defendant Carlton Helming, and his company,

Helming & Co., P.C., for negligent accounting advice.  On

September 19, 2011, the court granted Defendants' Motion for

Summary Judgment.  (See Dkt. No. 43.)  On October 3, 2011,

Defendants filed the two motions now before the court,

seeking routine statutory costs pursuant to Fed. R. Civ. P.

54(b) and 28 U.S.C. § 1920 (Dkt. Nos. 45), and far-from-

routine attorney's fees based upon Plaintiffs' bad faith and

their pursuant of a meritless lawsuit (Dkt. No. 46).

    On October 18, 2011, Plaintiffs filed their Notice of

Appeal (Dkt. No. 53).  On November 29, 2011, the Court of
Appeals for the First Circuit allowed the parties' joint
motion to stay appellate proceedings pending a ruling by
this court on Defendants' Motions for Costs and for
Attorney's Fees (Dkt. No. 65).  Memoranda contesting the
issue of the award of attorney's fees continued to trickle
in through the end of 2011.

Defendants' motion for an award of statutory costs
(Dkt. No. 45) will be allowed, in the total amount of
$15,341.36.  As Rule 54(d) emphasizes, statutory costs,
absent exceptional circumstances, "should be allowed to the
prevailing party."  28 U.S.C. § 1920 specifies that costs
for copying and for transcripts fall in the category of
recoverable costs.  To the extent that Plaintiffs'
opposition to the award of costs is not entangled in its
arguments opposing the award of attorney's fees, the primary
discernable argument against the award of costs is that
Defendants' deposition costs were excessive due to
Defendants' requests for expedited transcripts.  Where
transcripts are needed for critical witnesses, this District
has recognized that these costs are reasonable.  Here, the
witnesses -- principals, experts, and key managers --
clearly were critical.  Parker v. Town of Swansea, 310 F.
Supp. 2d 376, 401 (D. Mass. 2004).  Defendants' motion for

-2-

statutory costs is fully justified.

Defendants' motion for fees and non-statutory costs in the amount of $249,505.82 (Dkt. No. 46) presents a much more difficult question.  The court expressed its opinion of this litigation in (for this court) unusually blunt terms in its September 19, 2011 memorandum allowing Defendants' Motion for Summary Judgment. (See Dkt. No. 43.)  In the conclusion of the memorandum the court observed that "[i]t is surprising that Plaintiffs had the temerity to bring this lawsuit." (Id. at 59.)  Later in the same paragraph, the court described Plaintiffs' allegations as "close to ludicrous." (Id.)  It remains this court's opinion that the decision to bring this lawsuit, given the prohibitory statute of limitations and the absence of substantive merits, was profoundly ill-advised.  More ominously, the conduct revealed through this litigation appears to express a determination on the part of Plaintiffs to avoid substantial taxes legitimately owed.

The Supreme Court has made it clear that a court has inherent power to award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y., 421 U.S. 240, 258-9 (1975) (citations omitted).  Without attempting to rehash the many arguments,

-3-

pro and con, offered with regard to the issue of awarding attorney's fees in this instance, the court will, with frank reluctance, exercise its discretion to decline to order the award in these circumstances.

A few comments are necessary. First, Plaintiffs' arguments with regard to Fed. R. Civ. P. 11 have little or no bearing on the court's ruling. Defendants did not seek fees under that rule, but under the court's general discretionary authority expressed in the seminal Alyeska opinion. Applying this rule, it is doubtful that the pre-litigation conduct of Plaintiffs would provide a foundation for a finding of bad faith. See EIU Grp., Inc. v. Citibank Del., Inc., 429 F. Supp. 2d 367, 377 (D. Mass. 2006), rev'd on other grounds, Reinhardt v. Gulf Ins. Co., 489 F.3d 405 (1st Cir. 2007). Similarly, the indemnification provision contained in Defendants' agreement with Plaintiffs might possibly provide the basis for an award of fees and costs in an independent action, but not as part of the current motion.

In the end, the court's ruling is anchored upon the American judicial system's strong disinclination, outside the most outrageous circumstances, to shift fees from one party to another, except where an explicit fee-shifting statute applies. The affidavits and other material

-4-

submitted by Plaintiffs in opposition to the motion for fees, purporting to attest to Plaintiffs' proper investigation and general good faith, provide a fig leaf, sufficient (though barely) to protect Plaintiffs from exposure to the very large fee award that Defendants understandably seek.

This ruling will allow Plaintiffs' pending appeal to go forward.  It may be that the First Circuit will view this court's disposition of the merits differently, in which case the issue of an award of attorney's fees will become moot.  It may, on the other hand, share this court's view of the merits, but take a different view of Defendants' fee request.  Defendants, of course, may take their own appeal of this court's ruling denying fees.  It would take no more than a modest shift of perspective to apply <u>Alyeska</u> in such a way as to make a fee award entirely proper.  These matters will now be before the Court of Appeals.

In sum, Defendants' Motion for Statutory Costs (Dkt. No. 45) is hereby ALLOWED in the amount of $15,341.36.  Defendants' Motion for Attorney's Fees and Non-Statutory Costs (Dkt. No. 46) is hereby DENIED.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

-5-